IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY V. TRAVIS,
    Plaintiff,

v.                                        No. 3:17-cv-00801-DRH-DGW

TROOPER IRVIN of the
*Illinois State Police (Individually)*,
    Defendant.

## ORDER

**HERNDON, District Judge:**

Before the Court is plaintiff's pro se 42 U.S.C. § 1983 complaint (Doc. 1), and Motion for Leave to Proceed In Forma Pauperis ("IFP") (Doc. 2). Based on the following, the section 1983 complaint (Doc. 1) is **DISMISSED**, and Motion to Proceed IFP (Doc. 2) is **DENIED**.

### I. BACKGROUND

On July 27, 2017, plaintiff Anthony Travis ("Travis") filed a pro se complaint naming Trooper Irvin ("Irvin") of the Illinois State Police, and alleging an illegal traffic stop (Doc. 1). Specifically, Travis alleged on or about December 14, 2014—while travelling north on Illinois Route 3—he was pulled over by Irvin for displaying suspended license plates (*Id.* at 4). Travis subsequently received citations for suspended registration, an insurance violation (*Id.* at 10), and failure to wear a seatbelt (*Id.* at 10, 11); and as a result, his vehicle was towed (*Id.* at 9). Moreover, Travis presumed Irvin lacked "probable cause to believe he had

violated any Illinois State traffic laws," and what is more, pointed to racial profiling as exclusive motivation for Irvin's purported unlawful stop (*Id.* at 6). Travis asserted claims of illegal search and seizure, and the violation of equal protection under the Fourth and Fourteenth Amendments (*Id.* at 7). For relief, he requested punitive damages in the amount of $300,000.00 (*Id.* at 8).

## II. DISCUSSION

The Court must engage in a preliminary threshold review of a pro se litigant's complaint and must dismiss said complaint if: (a) the complaint is frivolous or malicious; (b) the complaint fails to state a claim on which relief may be granted; or (c) the litigant seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B).

Here, the Court finds that Travis' complaint fails to state a claim on which relief may be granted because its filing is well beyond the running of Illinois' two-year statute of limitations. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910 (7th Cir. 2000) (explaining time for commencing § 1983 action is determined by statute limitations for personal injury suits in state where incident forming basis of claim occurred); *see also* 735 ILCS 5/13-202 (statute of limitation to bring personal injury claim in Illinois is two-years after cause of action); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (stating under Illinois law plaintiffs have two-years from alleged incident to bring § 1983 claims).

According to the date on the issued citations, the incident took place on December 14, 2014, and Travis filed his section 1983 complaint on July 27, 2017—more than two and half years later. Therefore, **Travis' claim is dismissed**

**as untimely**. *See* § 1915(e)(2)(B)(ii) (explaining Court shall dismiss case upon determination complaint fails to state claim on which relief may be granted); *see also Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016) ("Fourth Amendment claim accrues at the time of the search or seizure"); *Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010) (holding statute of limitation on § 1983 claim runs from date legal process was initiated, i.e. citations issued).

Travis' Motion for Leave to Proceed IFP was filed concurrently with his section 1983 complaint. The financial information attached to his IFP motion indicates he receives disability/worker's compensation payments in the amount of § 802.00 per month—with no other expenses incurred. Based upon this information, **the Court finds that Travis does not qualify for IFP status**. **Thus, if IFP status is not granted, a party commencing any suit or proceeding in district court must pay a filing fee of $400 to the Clerk of Court**. *See* 28 U.S.C. § 1914 ($350 filing fee plus $50 administrative fee for non-IFP litigants); *see also Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) (stating litigant proceeding IFP whose complaint is dismissed still owes fees which are payable like any other debt).

### III. DISPOSITION

Based on the foregoing, Travis' section 1983 complaint (Doc. 1) is **DIMSSED WITH PREJUDICE** as untimely filed. His Motion for Leave to Proceed IFP (Doc. 2) is **DENIED**. The Clerk is **DIRECTED** enter judgment reflecting same and close the case. **FURTHER**, Travis is hereby **ORDERED to**

**pay the filing and administrative fee of $400** to the Clerk of Court in this District within thirty (30) days from the date of entry of this Order.  Payment of the $400 dollar filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201.  At the time payment is made, Petitioner's name and the case number assigned to this action shall be clearly identified.

If Travis wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty (30) days from the entry of judgment. *See* FED. R. APP. P. 4(a)(1)(A).  If Travis does choose to appeal, he will be liable for the $505.00 appellate docketing and filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); *see also* § 1915(e)(2).  A proper and timely motion filed pursuant to Fed. R. Civ. P. 59(e) may toll the thirty (30) day appeal deadline. *See* FED. R. APP. P. 4(A)(iv).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this twenty-eight (28) day deadline cannot be extended.

**IT IS SO ORDERED**.
Signed this 3rd day of October, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.10.03 15:14:35 -05'00'

**UNITED STATES DISTRICT JUDGE**